**19SF-CC00053**

Electronically Filed - St. Francois - March 21, 2019 - 10:22 AM

IN THE CIRCUIT COURT OF ST. FRANCOIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JOHN DOE by and through his Next Friend LINDA HOUSEKNECHT, | ) ) ) | |
| Plaintiff, | ) ) ) | Cause No: |
| vs. | ) ) | Division No: |
| GREATER ST. LOUIS AREA COUNCIL, BOY SCOUTS OF AMERICA, INC.,<br>**Serve:**<br>**Ronald S. Green**<br>**4568 West Pine Boulevard**<br>**St. Louis, MO 63108** | ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| and | ) ) | |
| BOY SCOUTS OF AMERICA<br>**Serve:**<br>**1325 West Walnut Hill Lane**<br>**Irving, TX 75038** | ) ) ) ) ) | |
| and | ) ) | |
| SAMUEL CHRISTIAN CARLETON<br>**Serve:**<br>**1414 Silver Leaf Lane**<br>**St. Louis, MO 63005** | ) ) ) ) ) | |
| Defendants. | ) | |

## PETITION

COMES NOW John Doe, a minor, by and through his Next Friend Linda Houseknecht, and for his cause of action against Defendants, states the following:

## FACTS

1. Plaintiff John Doe is a minor under the age of 18 residing in the State of Missouri, who brings this action by and through his Next Friend Linda Houseknecht.

2. Defendant Boy Scouts of America (hereinafter "BSA") is a Federally chartered organization under 36 U.S. Code Chapter 30901 with a principal place of business in Irving, Texas. Defendant BSA is authorized to do business and transact business in the State of Missouri including St. Francois County.

3. Defendant Greater St. Louis Area Council, Boy Scouts of America, Inc. (hereinafter "GSLAC") is a Missouri benevolent corporation in good standing, organized under the laws of the State of Missouri. Defendant GSLAC at all times acted as the agent, servant and employee of Defendant BSA, acting within the course and scope of its agency and employment.

4. Defendant GSLAC is a chartered subdivision of Defendant BSA called a Council, established by Defendant BSA to promote and administer the Scouting Program in Eastern Missouri, including at the S-F Scout Ranch, otherwise known as Camp Gamble (hereinafter "Camp Gamble"), located at 120 Highway 67 in Farmington, Missouri, St. Francois County.

5. Defendant Samuel Christian Carleton (hereinafter "Carleton") is an adult over the age of 18, residing in St. Louis, Missouri.

6. On or about June 1, 2018 through July 30, 2018, Plaintiff was working as an Aquatics/Troop Counselor at Camp Gamble for Defendant GSLAC.

7. At the same time, Defendant Carleton was serving as the Aquatic Director at Camp Gamble, in a position of authority over Plaintiff.

8. At all times herein mentioned Defendant Carleton was an employee, agent and director for Defendant GSLAC acting within the course and scope of his employment.

9. Staff at Camp Gamble stay on-site in tent housing and, during their period of employment, all of the staff's time is at the disposal of Defendant GSLAC.

10. No youth is to share a tent with an adult or another youth member more than two years apart in age.

11. While working at Camp Gamble, Defendant Carleton inappropriately touched and rubbed Plaintiff's leg in front of others.

12. While working at Camp Gamble, Defendant Carleton would inappropriately give shoulder massages to minor counselors including Plaintiff.

13. While working at Camp Gamble, Defendant Carleton would often go into Plaintiff's tent and hang around with minor counselors including Plaintiff.

14. While working at Camp Gamble, Defendant Carleton sent electronic messages directly to Plaintiff with no other adult included on the messages.

15. Defendant Carleton's efforts to establish an inappropriate relationship with and sexual harassment of Plaintiff was done in the course and scope of his employment with Defendant GSLAC.

16. Defendant Carleton's efforts to establish an inappropriate relationship with and sexual harassment of Plaintiff was open and obvious to Camp Gamble faculty and staff.

17. Prior to July 5, 2018, at a staff meeting the Nature Director reported adult on youth massages in the Aquatics area and requested this "grooming" behavior be addressed immediately.

18. No action was taken after this staff meeting to separate Defendant Carleton from the youth members at Camp Gamble.

19. On July 5, 2018, in the early morning hours, Defendant Carleton came into Plaintiff's tent and sexually assaulted and abused Plaintiff.

20. On July 6, 2018, Defendant Carleton again came into Plaintiff's tent and sexually assaulted and abused Plaintiff.

21. On July 6, 2018, Plaintiff informed the Director of Programs that Defendant Carleton was coming into his tent in the middle of the night and making him uncomfortable and Plaintiff requested to leave. The Director of Programs told Plaintiff to speak to Defendant Carleton about his concerns. No action was taken to remove Plaintiff from the situation or to prevent Defendant Carleton from further abusing Plaintiff.

22. On July 7, 2018, Plaintiff was again sexually assaulted and abused by Defendant Carleton.

23. Later in the day on July 7, 2018, Plaintiff left Camp Gamble and did not return for the rest of the season.

24.

## COUNT I AGAINST DEFENDANT BSA AND DEFENDANT GSLAC

COMES NOW Plaintiff and for Count I against Defendant Boy Scouts of America and Defendant Greater St. Louis Area Council, Boy Scouts of America, Inc., states as follows:

25. Plaintiff re-alleges all preceding paragraphs of this Petition as though fully set forth herein.

26. Defendant BSA and Defendant GSLAC are responsible for the actions of Defendant Carleton done while in the course and scope of his employment and/or agency pursuant to the doctrine of *respondeat superior*.

   a. Defendant GSLAC was created in 1923 (formerly known as the St. Louis Council of the Boy Scouts of America) with a purpose to promote the Boy Scout Program and to act as a local council of the Boy Scouts of America.

   b. Defendants selected, approved, registered and trained Defendant Carleton as a Director of Aquatics and as their agent and servant for Defendant BSA, chartered by Defendant GSLAC, at Camp Gamble.

   c. At all times relevant herein, Defendant Carleton was an agent and servant of Defendants BSA and GSLAC and acted with the actual or apparent authority of Defendants BSA and GSLAC.

   d. At all times relevant herein, Defendants BSA and GSLAC knew or should have known of Defendant Carleton's interactions with Plaintiff.

27. Defendant BSA developed Youth Protection Policies and Guidelines that were in force at all times mentioned herein.

28. The Youth Protection Policies and Guidelines require mandatory reporting of child abuse and mandatory reporting of any policy violations.

29. The Youth Protection Policies and Guidelines provide for "Barriers to Abuse" to protect youth members. One barrier is to prohibit any one-on-one contact between adults and youth members. Another barrier is to require two adult leaders on all outings. The "One-on-One" and "Two Deep" policies apply to digital communications.

30. Another "Barrier to Abuse" requirement is to separate youth and adults when tenting and never allow youth members more than two years apart in age to sleep in the same tent.

31. The Youth Protection Policies and Guidelines are mandatory and required to be followed during all Boy Scout activities, including those at Camp Gamble.

32. Defendants BSA and GSLAC were careless and negligent in one or more of the following respects:

   a. Defendants failed to provide proper controls, policies and procedures to prevent their employees from having inappropriate contact with youth members, including Plaintiff;

   b. Defendants failed to appropriately train their employees on the One-on-One, Two Deep and Tenting policies as required in Boy Scouts of America's Youth Protection Policies and Guidelines;

   c. Defendants failed to enforce the One-on-One, Two Deep and Tenting policies as required in Boy Scouts of America's Youth Protection Policies and Guidelines;

    d. Defendants failed to report the sexual assault, abuse and harassment of Plaintiff;

    e. Defendants failed to stop the sexual assault, abuse and harassment of Plaintiff once Defendants knew or could have known of it;

    f. Defendants failed to stop the sexual assault, abuse and harassment of Plaintiff after it was reported;

    g. Defendants were negligent in hiring Defendant Carleton for a job in which he was a position of power and influence over youth members;

    h. Defendants were negligent in retaining Defendant Carleton;

    i. Defendants were negligent in failing to discipline Defendant Carleton for his inappropriate interactions with youth members, including Plaintiff;

    j. Defendants failed to provide sufficient supervision of Defendant Carleton;

    k. Defendants failed to prevent sexual harassment, abuse and assault by Defendant Carleton against youth members, including Plaintiff.

    l. Defendants violated R.S.Mo. Chapter 210, General Provisions for Child Protection, in various ways, but specifically by failing to report abuse of a child pursuant to §210.115.

33. As a direct and proximate result of Defendants BSA and GSLAC's negligence, Plaintiff has sustained and will in the future sustain injuries and damages as follows:

    a. Severe, permanent and disabling injuries including but not limited to physical, psychological and emotional injuries and distress;

Electronically Filed - St. Francois - March 21, 2019 - 10:22 AM

Electronically Filed - St. Francois - March 21, 2019 - 10:22 AM

b. Constant physical pain and suffering and mental anguish, including but not limited to depression, anxiety, low self-esteem, humiliation and social stigma;

c. Loss of the capacity for the enjoyment of life;

d. Expenses for medical care and treatment; and

e. Earnings and income, as well as the capacity to earn income.

WHEREFORE, Plaintiff prays judgment against Defendants in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand Dollars ($25,000.00), for interest, plus any other and further relief which the Court deems just under the circumstances.

## COUNT II AGAINST DEFENDANT CARLETON – NEGLIGENCE

COMES NOW Plaintiff and for Count II against Defendant Carleton, states as follows:

34. Plaintiff re-alleges all preceding paragraphs of this Petition as though fully set forth herein.

35. While performing his duties as a Director at Camp Gamble, Defendant Carleton negligently violated the Youth Protection Policies and Guidelines meant to protect youth members.

36. As a direct and proximate result of Defendant Carleton's negligence, Plaintiff has sustained and will in the future sustain injuries and damages as follows:

a. Severe, permanent and disabling injuries including but not limited to physical, psychological and emotional injuries and distress;

8

Electronically Filed - St. Francois - March 21, 2019 - 10:22 AM

    b. Constant physical pain and suffering and mental anguish, including but not limited to depression, anxiety, low self-esteem, humiliation and social stigma;

    c. Loss of the capacity for the enjoyment of life;

    d. Expenses for medical care and treatment; and

    e. Earnings and income, as well as the capacity to earn income.

WHEREFORE, Plaintiff prays judgment against Defendant Carleton in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand Dollars ($25,000.00), for interest, plus any other and further relief which the Court deems just under the circumstances.

**COUNT III AGAINST DEFENDANT CARLETON – ASSAULT AND BATTERY**

COMES NOW Plaintiff and for Count III against Defendant Carleton, states as follows:

37. Plaintiff re-alleges all preceding paragraphs of this Petition as though fully set forth herein.

38. While performing his duties as a Director at Camp Gamble, Defendant Carleton attempted to establish a sexual relationship with Plaintiff.

39. While performing his duties as a Director at Camp Gamble, Defendant Carleton caused Plaintiff apprehension of sexual contact.

40. While performing his duties as a Director at Camp Gamble, Defendant Carleton harassed, assaulted and sodomized Plaintiff.

41. Defendant performed these actions without permission from Plaintiff's parents and in violation of Missouri law.

42. As a direct and proximate result of Defendant Carleton's actions, Plaintiff has sustained and will in the future sustain injuries and damages as follows:

   a. Severe, permanent and disabling injuries including but not limited to physical, psychological and emotional injuries and distress;

   b. Constant physical pain and suffering and mental anguish, including but not limited to depression, anxiety, low self-esteem, humiliation and social stigma;

   c. Loss of the capacity for the enjoyment of life;

   d. Expenses for medical care and treatment; and

   e. Earnings and income, as well as the capacity to earn income.

WHEREFORE, Plaintiff prays judgment against Defendant Carleton in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand Dollars ($25,000.00), for interest, plus any other and further relief which the Court deems just under the circumstances.

**COUNT IV AGAINST ALL DEFENDANTS – PUNITIVE DAMAGES**

COMES NOW Plaintiff and for Count IV against Defendant BSA, Defendant GSLAC and Defendant Carleton, states as follows:

43. Plaintiff re-alleges all preceding paragraphs of this Petition as though fully set forth herein.

44. The actions of Defendant Carleton were wanton, willful, outrageous and evidence a conscious and reckless disregard for the safety, health and well-being of Plaintiff. As such, punitive damages are appropriate against the Defendants BSA and GSLAC as they are vicariously liable for the actions of Defendant Carleton, both with respect to compensatory and punitive damages.

45. The independent acts and omissions of Defendants BSA and GSLAC with respect to Defendant Carleton and Plaintiff evidence a complete indifference to and conscious disregard for the safety, health and well-being of Plaintiff. Punitive damages are appropriate against the Defendants to punish them and deter them and others from similar conduct in the future.

WHEREFORE, Plaintiff prays judgment against Defendants in such sum as is fair and reasonable, said sum of exemplary damages in excess of Twenty-Five Thousand Dollars ($25,000.00), including punitive damages, for interest, plus any other and further relief which the Court deems just under the circumstances.

Electronically Filed - St. Francois - March 21, 2019 - 10:22 AM

Respectfully submitted,

PADBERG, CORRIGAN & APPELBAUM
A Professional Corporation
Attorneys for Plaintiffs


*/s/ Nicole Burlison Knepper*
Matthew J. Padberg, #31431
Michael P. Corrigan, #37814
Nicole Burlison Knepper, #60025
1926 Chouteau Avenue
St. Louis, MO  63103
(314) 621-2900
(314) 621-7607 [Fax]
mjp@padberglaw.com
nicole@padberglaw.com